United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 2:14-cr-861 |
| RUBEN ROMERO-CORDERO,<br>    Defendant/Movant. | § § § | |

## ORDER

The Court received a letter from Defendant/Movant Ruben Romero-Cordero seeking to modify his sentence under *Welch v. United States*, 136 S.Ct. 790 (2016), and *Johnson v. United States*, 135 S.Ct. 2551 (2015), which the Court recharacterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. D.E. 36. Movant thereafter filed an amended § 2255 motion raising the same claims. D.E. 39. The Government now moves to dismiss Movant's § 2255 motion as premature because his appeal is still pending. D.E. 41. Movant has not responded.

Movant was sentenced by this Court on June 12, 2015. He appealed both his conviction and his sentence, but his appeal was denied. No. 15-40827 (5th Cir. Feb. 17, 2016). On May 16, 2016, Movant filed a petition for a writ of certiorari regarding his appeal. Sup. Ct. No. 15-9327. That petition is still pending before the Supreme Court.

"It is a jurisdictional requirement of § 2255 that the conviction and sentence being challenged are final." *United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam) (holding that collateral attack under § 2255 was premature where direct appeal of defendant's

conviction was still pending)). "'[O]nce a case has left the district court and is proceeding to the court of appeals and thence to the Supreme Court, the district court cannot make changes in the record of the case or in the disposition made of it.'" *United States v. Snyder*, 946 F.2d 1125, 1127 (5th Cir. 1991) (quoting *United States v. Ellenbogen*, 390 F.2d 537, 542 (2d Cir. 1968)).

Accordingly, the Government's motion to dismiss (D.E. 41) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (D.E. 36, 39) is **DISMISSED** as premature. Dismissal is without prejudice to refiling once the Supreme Court resolves Movant's pending appeal.

Signed this ____ day of __10/3/16_____, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE